

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3620 | **DATE** | 6/14/2004 |
| **CASE TITLE** | Shawn Bahrs vs. Kim Bigley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reason stated on the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby stricken as moot. Terminating. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel., )
SHAWN BAHRS, )
 )
            Petitioner, )
 )
v. )   No. 03 C 3620
 )
KIM BIGLEY, Warden, Shawnee )
Correction Center, )
 )
            Respondent. )

DOCKETED
JUN 1 6 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Shawn Bahrs' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a petition for writ of habeas ad testificandum. For the reasons stated below we deny the Petitioner's petition for writ of habeas corpus. In addition, Petitioner's petition for writ of habeas ad testificandum is denied as moot.

## BACKGROUND

Petitioner is a prisoner in the State of Illinois and is currently being held at the Shawnee Correctional Center in Vienna, Illinois. Kim Bigley ("Respondent") is the

1

19

warden of that institution.

Petitioner was charged in the Circuit Court of DuPage County ("Trial Court") with one count of unlawful possession of a stolen vehicle; one count of unlawful possession of a converted vehicle; one count of aggravated driving while license revoked; and two counts of aggravated driving under the influence. Following a jury trial, Petitioner was convicted of unlawful possession of a converted vehicle, aggravated driving while license revoked, and two counts of aggravated driving under the influence of alcohol. Petitioner was acquitted of unlawful possession of a stolen vehicle. Petitioner was sentenced to a term of twelve years in the Illinois Department of Corrections as a Class X offender for the offense of unlawful possession of a converted vehicle. Petitioner received sentences of three years as to each of the remaining convictions, to be served concurrently to each other and to the twelve year sentence.

Petitioner appealed his convictions and sentences to the Illinois Appellate Court, Second District ("Illinois Appellate Court") and raised the following arguments: (1) whether the Trial Court confused the jury by giving the jury separate verdict guilty forms; (2) whether the jury's conviction on the unlawful possession of converted vehicle was legally inconsistent to its finding for acquittal for unlawful possession of a stolen vehicle; and (3) whether the Trial Court abused it discretion in imposing a twelve year sentence. The Illinois Appellate Court affirmed the convictions and sentences of the Trial Court. Petitioner then filed a petition for

leave to appeal to the Supreme Court of Illinois. The petition for leave to appeal was denied by the Supreme Court of Illinois.

Petitioner then filed a petition for post-conviction relief in the Trial Court and raised five issues. The Trial Court denied the petition for post-conviction relief and Petitioner did not file an appeal.

On May 28, 2003, Petitioner filed a petition for writ of *habeas corpus* ("Petition") with this court. In his Petition, Petitioner alleges (1) that he was improperly convicted of unlawful possession of a converted vehicle because he was found not guilty of possession of a stolen or converted vehicle; (2) that his due process rights were violated because the Trial Court's jury instruction was defective; and that (3) his defense counsel in the Trial Court was ineffective for failing to object to the jury/verdict forms and arguing two different theories to the jury.

## LEGAL STANDARD

A district court may entertain a habeas corpus petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Pursuant to 28 U.S.C. §2254 a habeas corpus petition shall not be granted:

> on behalf of a person in custody pursuant to the judgment of a State Court . . . unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to , or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2254(d).

## DISCUSSION

I. Procedural Default

A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). In order to avoid a procedural default on a claim presented in a habeas corpus petition, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

A. Ineffective Assistance of Counsel

Petitioner has alleged that his defense counsel in the Trial Court was ineffective for failing to object to the jury/verdict forms and arguing two different theories to the jury. However, Petitioner admits that he has never alleged - either on direct appeal or in a petition for post-conviction relief - an ineffective assistance of

counsel theory in the Illinois State Courts. Because Petitioner never argued any theory of ineffective assistance of counsel in the Illinois State Courts, Petitioner's ineffective assistance of counsel argument is procedurally defaulted. *See U.S. ex. rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001)(finding that a petitioner procedurally defaulted his claims of ineffective assistance of counsel in federal court because he never gave the state courts an opportunity to consider the claims either on direct appeal or in state post-conviction proceedings.)

A federal court can review defaulted claims if a petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, in the absence of such a showing, if the refusal to review would result in a "fundamental miscarriage of justice. . ."*Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Petitioner maintains that the cause for his failure to raise an ineffective assistance of counsel argument in the Illinois Courts is that he believed "that the higher courts were going to resolve [his] issues." Pet. p.6. This explanation for cause is without merit and is an attempt to bypass the remedies that were made available to Petitioner in the Illinois State Court's appellate review process. *See Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993)(finding that a petitioner did not meet the cause requirement where he attempted to advance his *habeas corpus* petition into federal court by deliberately defaulting his claims in state court.) Furthermore, Petitioner has failed to establish that a fundamental miscarriage of justice would result if we did not consider the ineffective assistance

5

of counsel argument.

Therefore, Petitioner has failed to show that any of the exceptions are applicable to warrant a review of the procedurally defaulted claims.

### B. Jury Instructions

Petitioner argues that his due process rights were violated because the Trial Court's instructions to the jury were defective. Specifically, Petitioner contends that the Illinois Courts failed to address the substantial defects in the Trial Court's jury instructions after the jury asked the Trial Court a question concerning the two different counts that Petitioner was charged with.

In this case, Petitioner previously argued to the Illinois Appellate Court that the Trial Court confused the jury by giving the jury separate verdict forms. In the order denying Petitioner's Appeal, the Illinois Appellate Court found that Petitioner had waived any argument as to a defect in the jury instructions because Petitioner "failed to object and tender alternate instructions" in the Trial Court. *See* Resp't's Ex. C p.6(citing *People v. Kittinger*, 261 Ill.App.3d 1033, 1038 (1994)(explaining that under Illinois law, failing to object and tender an alternative instruction at trial generally waives the issue); see also *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999)(finding that a petitioner procedurally defaulted a defective jury instruction claim raised in a *habeas corpus* petition since the Illinois Supreme Court had previously found that the jury instruction claim was forfeited because it was not

6

raised at trial). Because the Illinois Appellate Court found Petitioner had waived any argument as to a defect in the jury instructions at trial, any arguments in the Petition relating to defects in the jury instructions are procedurally defaulted.

Petitioner contends that the cause for his failure to object to any defects in the jury instructions at trial was because his defense counsel was ineffective and should have objected to the instruction. Reply p. 17. However, it is well settled that a petitioner may not use a claim of ineffective assistance of counsel to "establish cause for a procedural default" when the ineffective assistance of counsel claim itself was never presented as a claim to the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)(citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). In this case, Petitioner admits that he never raised an ineffective assistance of counsel claim in the Illinois State Courts. Accordingly, Petitioner cannot use an ineffective assistance of counsel claim to establish cause for failing to object to any defects in the jury instructions at trial. Furthermore, Petitioner has failed to establish that a fundamental miscarriage of justice would result if we did not review whether the Trial Court's instructions were defective.

Therefore, Petitioner has failed to show that any of the exceptions are applicable to warrant a review of the procedurally defaulted claims.

Even if Petitioner's argument that the jury instructions were defective was not procedurally defaulted, the argument would still fail on the merits. In particular, Petitioner has failed to establish that a defective state jury instruction is contrary to

7

"clearly established federal law." *See* 28 U.S.C. § 2254(d)(1)(requiring a petitioner to show "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.") The United States Supreme Court has held that incorrect jury instructions of state law are not a basis for habeas relief, unless the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)(citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). After finding that Petitioner had waived any argument as to a defect in the jury instruction at trial, the Illinois Appellate Court alternatively addressed Petitioner's claim on the merits and stated:

> "Defendant does not contend that the instruction is inaccurate. Any confusion the jury may have felt, as evidenced by its note asking the trial court to explain the distinction between stolen and converted, should have been cleared up by the court's answer. The trial court's answer, to which defense counsel agreed, clearly highlighted the difference between the two charges." Resp't's Ex. C. p.6.

We find that the Illinois Appellate Court's findings with respect to the jury instructions are reasonable. *See Henderson v. Briley*, 354 F.3d 907, 908 (7th Cir. 2004)(explaining that a federal court on collateral review under § 2254(d)(2) need only determine "whether the state court's decision was so far out-of-bounds as to be unreasonable.") Petitioner's contention that his due process rights were violated as a result of the Trial Court's answer and instruction is also without merit inasmuch as the Illinois Appellate Court reasonably noted that the Trial Court answered the jury's question and "clearly highlighted the difference between the charges." Resp't's Ex.C p.6.

Therefore, based upon the foregoing, we deny Petitioner's request for relief on a claim that his due process rights were violated because the Trial Court's instructions to the jury were defective.

II. Verdicts

Petitioner argues that his constitutional rights were violated because the jury verdicts in the Trial Court were legally inconsistent. Specifically, Petitioner contends that the Illinois Courts failed to recognize that the verdicts were legally inconsistent because he was convicted of unlawful possession of a converted vehicle while being found not guilty of possession of a stolen or converted vehicle. Petitioner has failed to sufficiently explain the inconsistency of the verdicts. Furthermore, Petitioner has failed to establish that the guilty verdict was contrary to "clearly established federal law." *See* 28 U.S.C. § 2254(d)(1)(requiring a petitioner to show "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law.") Even if Petitioner was able to establish that the verdict was inconsistent, the United States Supreme Court has held that inconsistent verdicts do not offend the Constitution. *See United States v. Powell*, 469 U.S. 57, 66 (1984)(rejecting a rule allowing criminal defendants to challenge inconsistent verdicts on the "ground that in their case the verdict was not the product of lenity, but of some error that worked against them.") In addition, in the order dismissing Petitioner's argument as to the legal inconsistency of the verdict, the Illinois Appellate Court stated:

9

> "Here, the verdicts can be logically explained if the jury believed that defendant took the car but did not intend to deprive the owner of it permanently. The facts are consistent with such a conclusion. Defendant apparently drove the car for at most a few hours. He made no attempt to conceal his possession of it. Tools in the backseat were still there when defendant was arrested. Thus, the jury could have found, pursuant to the instructions it was given, that defendant was merely joyriding rather than seriously attempting to steal the car. The jury's verdicts were not inconsistent." Resp't's Ex. C. p.5.

We find that the Illinois Appellate Court's order dismissing Petitioner's argument relating to the legal inconsistency of the verdict is reasonable. *See Henderson*, 354 F.3d at 908(explaining that a federal court on collateral review under § 2254(d)(2) need only determine "whether the state court's decision was so far out-of-bounds as to be unreasonable.")

Therefore, based upon the foregoing, we deny Petitioner's request for relief on a claim that his constitutional rights were violated because the jury convicted him of unlawful possession of a converted vehicle while finding him not guilty of possession of a stolen or converted vehicle.

## CONCLUSION

Petitioner's petition for writ of habeas corpus is denied in its entirety. In addition, Petitioner's petition for writ of habeas ad testificandum is denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 14, 2004

10