Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3620 | **DATE** | 8/30/2004 |
| **CASE TITLE** | Shawn Bahrs vs. Kim Bigley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reason stated in the attached memorandum opinion, the petitioner's motion for a certificate of appealability and petitioner's motions for appointment of counsel are denied. The petitioner's motion for leave to appeal in forma pauperis is granted. Enter Memorandum Opinion.

(11) ■   [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel., )
SHAWN BAHRS, )
)
              Petitioner, )
)
v. ) No. 03 C 3620
)
KIM BIGLEY, Warden, Shawnee )
Correction Center, )
)
              Respondent. )

DOCKETED AUG 31 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Shawn Bahrs' ("Petitioner") motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Additionally, before this court is Petitioner's motions for appointment of counsel and for leave to appeal *in forma pauperis*. For the reasons stated below, we deny Petitioner's motions for certificate of appealability and for appointment of counsel, and grants Petitioner's motion for leave to appeal *in forma pauperis*.

1

## BACKGROUND

Petitioner is a prisoner in the State of Illinois and is currently being held at the Shawnee Correctional Center in Vienna, Illinois. Kim Bigley ("Respondent") is the warden of that institution.

Petitioner was charged in the Circuit Court of DuPage County ("Trial Court") with one count of unlawful possession of a stolen vehicle; one count of unlawful possession of a converted vehicle; one count of aggravated driving while license revoked; and two counts of aggravated driving under the influence. Following a jury trial, Petitioner was convicted of unlawful possession of a converted vehicle, aggravated driving while license revoked, and two counts of aggravated driving under the influence of alcohol. Petitioner was acquitted of unlawful possession of a stolen vehicle. Petitioner was sentenced to a term of twelve years in the Illinois Department of Corrections as a Class X offender for the offense of unlawful possession of a converted vehicle. Petitioner received sentences of three years as to each of the remaining convictions, to be served concurrently to each other and to the twelve year sentence.

Petitioner appealed his convictions and sentences to the Illinois Appellate Court, Second District ("Illinois Appellate Court") and raised the following arguments: (1) whether the Trial Court confused the jury by giving the jury separate verdict guilty forms; (2) whether the jury's conviction on the unlawful possession of converted vehicle was legally inconsistent to its finding for acquittal for unlawful

2

possession of a stolen vehicle; and (3) whether the Trial Court abused its discretion in imposing a twelve year sentence. The Illinois Appellate Court affirmed the convictions and sentences of the Trial Court. Petitioner then filed a petition for leave to appeal to the Supreme Court of Illinois. The petition for leave to appeal was denied by the Supreme Court of Illinois.

Petitioner then filed a petition for post-conviction relief in the Trial Court and raised five issues. The Trial Court denied the petition for post-conviction relief and Petitioner did not file an appeal.

On May 28, 2003, Petitioner filed a petition for writ of *habeas corpus* ("Petition") with this court alleging (1) that he was improperly convicted of unlawful possession of a converted vehicle since he was found not guilty of possession of a stolen or converted vehicle; (2) that his due process rights were violated because the Trial Court's jury instruction was defective; and that (3) his defense counsel in the Trial Court was ineffective for failing to object to the jury/verdict forms and arguing two different theories to the jury. On June 14, 2004, Petitioner's petition for writ of *habeas corpus* was denied in its entirety. In addition, Petitioner's petition for writ of *habeas ad testificandum* was denied as moot.

## LEGAL STANDARD

If a court denies a petition for writ of *habeas* and the petitioner wishes to appeal, challenging the decisions made by the state trial courts, the petitioner must

seek a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

### I. Certificate of Appealability

Petitioner seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c). In his motion for certificate of appealability, Petitioner maintains that the State of Illinois deprived him of liberty by depriving him of effective assistance of counsel. Petitioner also contends that jury instructions given to the jury were defective and unconstitutional. In our prior ruling, we found that Petitioner's claims of ineffective assistance of counsel and defective jury instructions were procedurally defaulted. Petitioner now contests this courts' finding and argues that his reply brief contained law that would have barred these two claims from being procedurally defaulted. We disagree.

With respect to ineffective assistance of counsel claim, we previously found

4

that because Petitioner never argued any theory of ineffective assistance of counsel in the Illinois State Courts, Petitioner's ineffective assistance of counsel argument was procedurally defaulted. *See U.S. ex. rel. Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001)(finding that a petitioner procedurally defaulted his claims of ineffective assistance of counsel in federal court because he never gave the state courts an opportunity to consider the claims either on direct appeal or in state post-conviction proceedings.) Similarly, with respect to Petitioner's claim of defective jury instructions, we found that because the Illinois Appellate Court found Petitioner had waived any argument as to a defect in the jury instructions at trial, any arguments in the Petition relating to defects in the jury instructions were procedurally defaulted. *See Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003)(explaining that a federal court will not address a question of federal law presented in a *habeas corpus* petition brought to contest a state court ruling if "the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." ). As we noted in our prior ruling, a federal court can review procedurally defaulted claims if the petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'"*Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Previously, we found that Petitioner failed to establish that any of the available exceptions of the procedural default doctrine

5

applied to his defaulted claims. In his certificate of appealability, Petitioner has not provided this court with sufficient reasons that would indicate that any of the exceptions to the doctrine of procedural default are applicable now. The briefs submitted by Petitioner, clearly reflects that Petitioner failed to follow the Illinois state appellate procedures, therefore, his claims remain procedurally defaulted.

In his certificate of appealability, Petitioner maintains that the jury verdicts in the Trial Court were legally inconsistent. In our prior ruling, we denied Petitioner's request for relief on this claim. As we previously noted, Petitioner failed to sufficiently explain the inconsistency of the verdicts and failed to establish that the guilty verdict in his case was contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1). In addition, we found that even if Petitioner was able to establish that the verdict was inconsistent, the United States Supreme Court has held that inconsistent verdicts do not offend the Constitution. *See United States v. Powell*, 469 U.S. 57, 66 (1984)(rejecting a rule allowing criminal defendants to challenge inconsistent verdicts on the "ground that in their case the verdict was not the product of lenity, but of some error that worked against them.") Accordingly, we found that the Illinois Appellate Court's order dismissing Petitioner's argument relating to the legal inconsistency of the verdict was reasonable. *See Henderson*, 354 F.3d at 908(explaining that a federal court on collateral review under § 2254(d)(2) need only determine "whether the state court's decision was so far out-of-bounds as to be unreasonable.")

Petitioner has presented no new arguments with respect to the inconsistency of the jury verdicts. Instead, Petitioner has simply repeated the allegations set forth in the Petition. As such, Petitioner has not provided this court with a substantial showing of the denial of a constitutional right with respect to the jury verdicts.

In his motion for certificate of appealability, Petitioner argues that this court should have appointed him counsel in these proceedings. We note that there is no right to appointed counsel even if the civil litigant has filed a petition for writ of *habeas corpus* and is seeking to overturn a criminal conviction. *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). Petitioner's motion for appointment of counsel was properly denied

The briefs filed by Petitioner in this action are insufficient to even create a suspicion that his Petition should have been granted. The arguments offered by Petitioner do not show that his constitutional rights were violated or that *habeas* relief should be granted. Petitioner has also failed to show that reasonable jurists could agree or debate that the Petition should be granted. Nor have any of the arguments presented by Petitioner indicate that the *habeas* issue presented deserve "encouragement to proceed further." *Slack*, 529 U.S. at 484. Therefore, we deny the motion for certificate of appealability.

## II. Appointment of Counsel

Petitioner has previously filed two motions for appointment of counsel in these proceedings. The prior judge in this case denied the first motion for

7

appointment of counsel as premature. Thereafter, this court denied Petitioner's motion to reconsider. Petitioner has filed yet another motion for appointment of counsel.

A civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). There is no right to appointed counsel even if the civil litigant has filed a petition for writ of *habeas corpus* and is seeking to overturn a criminal conviction. *Dellenbach*, 76 F.3d at 823. However, a court, in its discretion, can appoint counsel for an indigent plaintiff in a civil action pursuant to 28 U.S.C. § 1915(e)(1) if the court determines that, "given the difficulty of the case, . . . the plaintiff [does not] appear to be competent to try it himself and . . . the presence of counsel [would make] a difference in the outcome." *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *see also Jackson v. County of McClean*, 953 F.2d 1071, 1072 (7th Cir. 1992)(providing five factors to consider for appointment of counsel determination).

We find nothing new in the instant motion for appointment of counsel that would warrant a different disposition than before. The issues in these proceedings are not overly complex and the interests of justice would not be served by appointment of counsel at this time. Therefore, we deny Petitioner's motion for appointment of counsel.

### III. *In forma pauperis*

Petitioner's motion for leave to appeal *in forma pauperis* reflects that he has

insufficient income and assets. Therefore, we grant Petitioner's motion for leave to appeal *in forma pauperis.*

## CONCLUSION

Therefore, based on the forgoing analysis, we deny Petitioner's motions for certificate of appealability and for appointment of counsel, and grant Petitioner's motion for leave to appeal *in forma pauperis.*

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 31, 2004